## LEHMAN BROTHERS *vs.* SKELTON.

[ACTION TO RECOVER STORAGE OF COTTON.]

1. *Cotton stored in warehouse; purchaser of, for what storage liable.*—A purchaser of cotton stored at a warehouse is personally liable for the storage accrued during his ownership, though such ownership be unknown to the warehouseman. But he is not liable for storage charges accrued prior to that time, unless there is an agreement to that effect.

APPEAL from Circuit Court of Montgomery.
Tried before Hon. J. Q. SMITH.

THIS was an action brought by appellee against appellant, in the year 1866, to recover storage on nineteen bales of cotton from 1st of February, 1862, to 5th of April, 1865. The appellee was lessee of a warehouse in Tuskaloosa, Alabama, from 1st February, 1862, to 1st April, 1865, and in February, 1862, persons other than the defendants (appellants) stored the cotton with him, and he kept it stored from that time until the 5th of April, 1865, when both the warehouse and cotton were burned by the United States troops. At the time of receiving the cotton, appellee gave the persons who stored it, receipts therefor. The terms of these receipts were, in substance, that the cotton was on storage with the appellee, subject to the order of the person to whom the receipt was first delivered by the appellee, or subject to the order of the bearer of the receipt, on payment of the customary warehouse charges and all advances.

The appellants were owners of the cotton, and held the receipts therefor at the time the warehouse and cotton were destroyed, but at what time or in what manner they became the owners is not shown; their ownership was not known to appellee until some time after the destruction of the cotton, when appellants sent an agent to look after it, who showed the receipts for the cotton and asked its delivery.

When the account was presented to appellants they declined to pay, " as they were warehousemen themselves, and being largely interested, wished to test the question, whether the cotton itself was alone bound for storage, or whether the owner was bound." It was proved that the charge for storage was reasonable, &c.

The court charged the jury, in substance, that if they believed that the cotton was stored [as hereinbefore set out] and that the charge for storage was reasonable, &c., they must find for the plaintiff, and that the destruction of the cotton by fire after the account accrued could not affect the plaintiff's right to recover.

To the giving of this charge, the defendant excepted, as also to the refusal of the court to give the following charges, asked in writing :

"If the jury believe, from the evidence, that all the cotton stored, for the storage of which the plaintiff seeks a recovery in this action, belonged to other persons than the defendants at the time it was stored with the plaintiff, and that none of said cotton belonged to defendants when it was stored with the plaintiff, and that none of said cotton was received on storage by the plaintiff from defendant, and that all of said cotton was received on storage from persons other than the defendants, and these persons were, at the time of the storage with plaintiff, owners of the cotton, and if defendants have never made any promise to pay plaintiff for the storage of any of said cotton,—then the jury should find for the defendants." 2d. "The plaintiff can not recover of defendant any storage which accrued before they became the owners of the cotton on which the storage did accrue, unless defendants either stored the cotton with the plaintiff, or promised to pay storage to the plaintiff." 3d. "If the jury believe the evidence, they should find for the defendants."

The jury found a verdict in favor of the appellee (plaintiff) for the amount of the account and interest, and judgment was rendered accordingly.

Rice, Semple & Goldthwaite, for appellants.

A. B. Clitherall, and M. D. Graham, contra.

Ex parte Bottoms.

B. F. SAFFOLD, J.—Is the purchaser of cotton stored in a warehouse by the vendor, which he suffers to remain there after his purchase, personally liable for the storage due thereon, there being no express promise on his part to pay, and the warehouseman not even knowing that he was the owner until he demanded the cotton?

There is undoubtedly an implied promise on the part of the owner of property, which is on storage with his knowledge and consent, to pay a reasonable storage. He knows that the service is not gratuitous, and he expects to enforce against the warehouseman any liability he may incur for damages. He accepts the service when rendered, and retains the benefit.—1 Parsons on Contracts, 405.

The defendants are not liable for the storage accrued prior to their purchase, unless there was an agreement to that effect. There is no virtue in a mere sale of property, though there be a lien upon it, capable of transferring the personal indebtedness of the vendor to the purchaser.

There is nothing in the transcript tending to show whether the recovery was for a longer time than the ownership of the defendants.

The judgment is affirmed.